**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAILES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **SMYRNA READY MIX CONCRETE LLC; and LIBERTY MUTUAL FIRE INSURANCE CO.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Michael Dailes, by and through the undersigned counsel, files this Complaint for damages, respectfully showing the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Michael Dailes is domiciled in and a citizen of Georgia. Plaintiff submits to the jurisdiction of this Court.

2.

Smyrna Ready Mix Concrete LLC ("Ready Mix") is a citizen of Tennessee, as it is a foreign corporation organized in Tennessee with its principal place of business also located in Tennessee.

3.

As an LLC, Ready Mix's citizenship is based on the citizenship of its members. Upon information and belief, Ready Mix's members are all domiciled in and citizens of Tennessee.

4.

Ready Mix is registered to do business in the state of Georgia, with a registered agent located at: Northwest Registered Agent Service, Inc., 8735 Dunwoody Place, Ste N, Atlanta, Fulton County, Georgia, 30350.

5.

Ready Mix is subject to personal jurisdiction in Georgia based on its contacts with Georgia, which include but are not limited to registering to do business in Georgia, delivering and picking up goods in and through Georgia, permitting the operation of its commercial vehicles in Georgia, and committing the subject tort in Georgia.

6.

Ready Mix may be served with process through its registered agent, Northwest Registered Agent Service, Inc., 8735 Dunwoody Place, Ste N, Atlanta, Fulton County, Georgia, 30350.

7.

Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a foreign insurance company organized in Wisconsin with a principal place of business in Massachusetts. It is therefore a citizen of Wisconsin and Massachusetts.

8.

Liberty Mutual is the liability carrier for Ready Mix, a common carrier.

9.

Liberty Mutual is subject to direct action under O.C.G.A. § 40-1-112 and/or § 40-2-140.

10.

Liberty Mutual is subject to personal jurisdiction in Georgia based on its contacts with Georgia, which include but are not limited to registering to do business here.

11.

Liberty Mutual is registered to do business in Georgia and may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia, 30092.

12.

This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§ 1332(a)(1), as the parties are completely diverse and the amount of damages in controversy surpasses the jurisdictional threshold of $75,000.

13.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 as one or more of the Defendants resides here and both have registered agents located within this district and division.

## FACTUAL ALLEGATIONS

14.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

15.

On March 26, 2024, at approximately 4:27 p.m., William Shuman was operating a 2020 International heavy truck while towing a trailer as he traveled on the Interstate 16 westbound near the off ramp to Exit 127 in Bulloch County, Georgia.

16.

Mr. Shuman was acting as an employee or agent for Defendant Ready Mix at all relevant times.

17.

Mr. Shuman was operating the subject tractor-trailer at the express direction and under the control of Defendant Ready Mix.

18.

Defendant Ready Mix controlled the time, manner, and method of the actions of Mr. Shuman at all relevant times.

19.

Defendant Ready Mix owned the subject 2020 International heavy truck and the trailer it was towing.

20.

As Mr. Shuman drove the subject tractor-trailer on Interstate 16 westbound towards the off-ramp for Exit 127, he encountered stopped traffic due to traffic congestion.

21.

Plaintiff was driving a vehicle immediately in front of the subject tractor-trailer and headed in the same direction.

22.

Plaintiff, and those drivers operating the vehicles in front of him, stopped near or on the off-ramp due to the traffic congestion.

23.

Mr. Shuman was traveling too quickly and too closely behind Plaintiff's vehicle, and he was unable to slow the subject tractor-trailer before colliding with Plaintiff's vehicle.

24.

The front of the subject tractor-trailer slammed into the rear of Plaintiff's vehicle, pushing Plaintiff's vehicle roughly 18 feet and into the vehicle in front of Plaintiff.

25.

The subject tractor-trailer then pushed Plaintiff's vehicle another 17 feet.

26.

As a direct result of the subject collision, Plaintiff suffered severe personal injuries, including a severely injured cervical spine that required a surgical fusion.

27.

As a direct result of the subject collision, Plaintiff suffered extensive pre- and post-impact conscious pain and suffering, past medical expenses, future medical expenses, and past and future lost wages, the total of which exceeds $75,000.00, exclusive of interest and costs.

**COUNT I - NEGLIGENCE**

28.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

29.

Defendant Ready Mix's employee and/or agent, Mr. Shuman, was under a duty to use reasonable care in the operation of the subject tractor-trailer.

30.

Mr. Shuman breached the duty of reasonable care in multiple ways, including driving too fast for conditions, following too closely to Plaintiff's vehicle, failing to keep a proper lookout, and driving while distracted.

31.

Mr. Shuman's negligence proximately caused the subject collision, Plaintiff's injuries, and the resulting damages.

32.

At the time of the subject collision, Mr. Shuman was under dispatch for Defendant Ready Mix.

33.

At the time of the subject collision, Mr. Shuman was operating the subject tractor-trailer on behalf of Defendant Ready Mix.

34.

Defendant Ready Mix is an interstate motor carrier, and pursuant to federal and state laws, it is liable for the negligent acts of Mr. Shuman with respect to the subject collision under theories of agency, vicarious liability, respondeat superior, lease liability, agency, and/or apparent agency.

## COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

35.

The allegations set forth in the preceding paragraphs are hereby incorporated by referenced as if fully set forth and re-alleged herein.

36.

Defendant Ready Mix had a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

37.

Defendant Ready Mix breached that duty when it negligently hired and/or retained Mr. Shuman as a driver, entrusted him to drive a tractor-trailer, and failed to exercise ordinary care to determine his fitness for the task of operating a commercial motor vehicle.

38.

Defendant Ready Mix was further negligent in failing to properly train and supervise Mr. Shuman with respect to his operation of a tractor-trailer.

39.

Defendant Ready Mix's negligence in hiring, retaining, training, and supervising Mr. Shuman was a direct and proximate cause of the subject collision, Plaintiff's injuries, and the resulting damages.

**COUNT III – DIRECT ACTION**

40.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

41.

Defendant Liberty Mutual was the insurer of Defendant Ready Mix at all times relevant to the allegations in this Complaint, and it issued a liability policy to comply with the filing requirements under Georgia law.

42.

Defendant Ready Mix is a motor carrier that is required to comply with the filing requirements identified in O.C.G.A. § 40-2-140 and § 40-1-112.

43.

Defendant Liberty Mutual is subject to a direct action pursuant to O.C.G.A. § 40-2-140 and/or § 40-1-112.

44.

Defendant Liberty Mutual is directly liable to Plaintiff for any damages and judgment rendered in his favor with respect to the liability of its insured for the negligence of the insured's drivers, pursuant to the direction action provision in O.C.G.A. § 40-2-140 and/or § 40-1-112.

**COUNT IV – PUNITIVE DAMAGES**

45.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

46.

Defendant Ready Mix's actions were willful, malicious, wanton, oppressive, and displayed that entire want of care that raises the presumption of conscious indifference to the consequences.

47.

Plaintiff is entitled to recover punitive damages in an amount sufficient to penalize the Defendants and to deter such conduct in the future.

48.

Plaintiff is entitled to recover punitive damages from Defendants pursuant to O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

49.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a. That summons and process issue and that Defendants be served with this Complaint as required by law and that Defendants be required to appear and Answer;

b. That Plaintiff receive a **TRIAL BY JURY**;

c. That judgment be entered against Defendants and in favor of Plaintiff;

d. That Plaintiff be awarded all compensatory, general, special, punitive, and all other damages allowable by law in an amount determined by the enlightened conscience of the jury;

e. That Plaintiff be awarded all interest attributable to this action;

f. That Plaintiff recover for medical expenses, pain and suffering, and lost wages; and

g. That Plaintiff be granted such other and further relief as the Court deems just and proper.

[*signature on following page*]

This 24th day of February, 2025.

Respectfully submitted,

**ERIC J.D. ROGERS LAW, LLC**
*/s/ Yvonne S. Godfrey*
Eric J.D. Rogers, Esq.
Georgia State Bar No. 100081
Yvonne S. Godfrey, Esq.
Georgia State Bar No. 318567
*Attorneys for Plaintiff*

4279 Roswell Rd NE
Suite 208 #229
Atlanta, GA 30342
eric@ericrogerslaw.com
yvonne@ericrogerslaw.com
P: 404-946-7002